**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| STT WEBOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS INC., <br><br> Defendants. | CASE NO. 2:25-cv-01053 |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

STT WebOS, Inc. ("STT WebOS" or "Plaintiff") hereby files this First Amended Complaint for Patent Infringement against Verizon Communications Inc. ("Verizon" or "Defendant"), and alleges, upon information and belief, as follows:

## THE PARTIES

1.    STT WebOS, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 5068 West Plano Parkway, Suite 135, Plano, TX 75093.

2.    Upon information and belief, Defendant Verizon Communications Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 1006 E End Blvd N, Marshall, TX, 75670. Upon information and belief, Defendant can be served through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.



## JURISDICTION AND VENUE

3.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

5.    Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

1.    Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent 8,812,682 (the "'682 Patent; U.S. Patent 11,336,754 (the "'754 Patent"); U.S. Patent 10,686,797 (the "'797 Patent"); U.S. Patent 11,463,442 (the "'442 Patent"); U.S. Patent 8,977,722 (the "'722 Patent"); and  U.S.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    2

Patent 9,015,321 (the "'321 Patent"); U.S. Patent 9,201,961 (the "'961 Patent"); U.S. Patent 9,448,697 (the "'697 Patent"); and U.S. Patent 10,484,455 (the "'455 Patent") (hereinafter collectively referred to as the "Patents-in-Suit").

2.    By written instruments executed, Plaintiff has exclusive license all rights, title, and interest in the Patents-in-Suit.  As such, Plaintiff has sole and exclusive standing to assert the Patents-in-Suit and to bring these causes of action.

3.    The Patents-in-Suit are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

4.    The Patents-in-Suit have been in full compliance with compliance 35 U.S.C. § 287 through either (1) actual notice with affirmative communication of a specific charge of infringement by a specific accused product or device or (2) providing constructive notice—i.e., appropriately marking its products. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Artic Cat II*"). Alternatively, the notice provisions do not apply because the patents are directed to methods and/or the patentee has never made or sold a patented article. *Id.*

5.    The Patents-in-Suit have been cited in over 60 patents issued to well-known industry leaders, including industry giants Cisco, IBM, Microsoft, Motorola, Research in Motion, Time Warner, Intel, Qualcomm, Microsoft and Dropbox.

6.    The Patents-in-Suit each include numerous claims defining distinct inventions.  No single claim is representative of any other.

7.    The priority date of the Patents-in-Suit is at least as early as August 6, 2002. The Patents-in-Suit generally relate to communication networks, and more specifically, to web-based communication systems and multitasking.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                          3

8.   As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.  Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

9.   The claims of the Patents-in-Suit are patent eligible under 35 U.S.C. § 101, 102, 103, and 112, as reflected by the fact that three different Patent Examiners all agreed and allowed the Patents-in-Suit over extensive prior art as disclosed and of record during the prosecution of the Patents-in-Suit.  *See Stone Basket Innov.,* 892 F.3d at 1179 ("when prior art is listed on the face of a patent, the examiner is presumed to have considered it") (citing *Shire LLC v. Amneal Pharm., LLC,* 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

10.  After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all of the claims of the Patents-in-Suit to issue.  In so doing, it is presumed that Examiners used their knowledge of the art when examining the claims.  *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Patent Examiners had experience in the field of the invention, and that the Patent Examiners properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

11.  The claims of the Patents-in-Suit are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art.  *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 1285, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008).  Likewise, the claims of the Patents-

in-Suit are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners.  *See, e.g., St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL 7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

12.    The claims of the Patents-in-Suit were all properly issued and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

## THE ACCUSED INSTRUMENTALITIES

13.    Upon information and belief, Verizon makes, sells, advertises, offers for sale, uses, or otherwise provides an apparatus and method for communication networks and web-based control management systems covered by the Patents-in-Suit, including but not limited to, its Verizon Cloud platform and services.

14.    Collectively, all the foregoing, including all augmentations thereof, are referred to herein as the "Accused Instrumentalities."

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                           5



**Fig. 1 - Screenshot of Verizon Cloud system practicing the inventions of the Patents-in-Suit.**

## COUNT I
### Infringement of U.S. Patent No. 8,812,682

15.    Plaintiff incorporates the above paragraphs by reference.

16.    Verizon has been on actual notice of the '682 Patent at least as early as the date it received service of the Original Complaint in this litigation.

17.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '682 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

18.    Verizon manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

19.    Verizon has directly infringed the claims of the '682 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Verizon directly makes and sells the infringing Accused Instrumentalities at least because it is

solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

20.     Further on information and belief, Verizon directly used the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Verizon has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Verizon to make and use the Accused Instrumentalities in an infringing manner.  Still further, Verizon is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

21.     As shown above, Verizon is making, using, and offering for sale the Accused Instrumentalities.

22.     Additionally, upon information and belief, Verizon owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

23.     On information and belief, Verizon has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests").  Thus, the infringement of the '682 Patent by Verizon is willful.

24.     In addition or in the alternative, Verizon, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Verizon's customers

and/or contributing to the infringement by Verizon's customers of the '682 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '682 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Verizon injured Plaintiff and is thus liable to Plaintiff for infringement of the '682 Patent under 35 U.S.C. § 271.

25.    Verizon, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  Verizon performed actions that induced infringing acts that Verizon knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

26.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

27.    Verizon has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See*

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

28.     As one non-limiting example, Verizon, with knowledge that the Accused Instrumentalities infringe, knowingly and intentionally induced direct infringement of the '682 Patent by providing product manuals that instruct its customers and end users how to use the Accused Instrumentalities. Verizon has induced infringement by the customers and end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they infringe the '682 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

29.     The foregoing infringement on the part of Verizon has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '682 Patent.

30.     Each of Verizon's aforesaid activities have been without authority and/or license from Plaintiff.

**COUNT II**
**Infringement of U.S. Patent No. 11,336,754**

31.     Plaintiff incorporates the above paragraphs by reference.

32.     Verizon has been on actual notice of the '754 Patent at least as early as the date it received service of the Original Complaint in this litigation.

33.     Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '754 patent, thus the

damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

34. Verizon manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

35. Verizon has directly infringed the claims of the '754 Patent.  As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Verizon directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

36. Further on information and belief, Verizon directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Verizon has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Verizon to make and use the Accused Instrumentalities in an infringing manner.  Still further, Verizon is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

37. As shown above, Verizon is making, using, and offering for sale the Accused Instrumentalities.

38. Additionally, upon information and belief, Verizon owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                          10

39.     On information and belief, Verizon has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '754 Patent by Verizon is willful.

40.     In addition or in the alternative, Verizon, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Verizon's customers and/or contributing to the infringement by Verizon's customers of the '754 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '754 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Verizon injured Plaintiff and is thus liable to Plaintiff for infringement of the '754 Patent under 35 U.S.C. § 271.

41.     Verizon, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  Verizon performed actions that induced infringing acts that Verizon knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,*

550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

42.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

43.    Verizon has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

44.    As one non-limiting example, Verizon, with knowledge that the Accused Instrumentalities infringe, knowingly and intentionally induced direct infringement of the '754 Patent by providing product manuals that instruct its customers and end users how to use the Accused Instrumentalities. Verizon has induced infringement by the customers and end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they infringe the '754 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

45.    The foregoing infringement on the part of Verizon has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be

determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '754 Patent.

46.    Each of Verizon's aforesaid activities have been without authority and/or license from Plaintiff.

**COUNT III**
**Infringement of U.S. Patent No. 10,686,797**

47.    Plaintiff incorporates the above paragraphs by reference.

48.    Verizon has been on actual notice of the '797 Patent at least as early as the date it received service of the Original Complaint in this litigation.

49.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '797 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

50.    Verizon manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

51.    Verizon has directly infringed the claims of the '797 Patent.  As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Verizon directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

52.    Further on information and belief, Verizon directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Verizon has directly infringed by using the infringing Accused Instrumentalities as part of

its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Verizon to make and use the Accused Instrumentalities in an infringing manner.  Still further, Verizon is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

53.    As shown above, Verizon is making, using, and offering for sale the Accused Instrumentalities.

54.    Additionally, upon information and belief, Verizon owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

55.    On information and belief, Verizon has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '797 Patent by Verizon is willful.

56.    In addition or in the alternative, Verizon, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Verizon's customers and/or contributing to the infringement by Verizon's customers of the '797 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '797 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Verizon injured Plaintiff and is thus liable to Plaintiff for infringement of the '797 Patent under 35 U.S.C. § 271.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    14

57.    Verizon, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  Verizon performed actions that induced infringing acts that Verizon knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh*, 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

58.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

59.    Verizon has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

60.    As one non-limiting example, Verizon, with knowledge that the Accused Instrumentalities infringe, knowingly and intentionally induced direct infringement of the '797 Patent by providing

product manuals that instruct its customers and end users how to use the Accused Instrumentalities. Verizon has induced infringement by the customers and end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they infringe the '797 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

61.    The foregoing infringement on the part of Verizon has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '797 Patent.

62.    Each of Verizon's aforesaid activities have been without authority and/or license from Plaintiff.

### COUNT IV
### Infringement of U.S. Patent No. 11,463,442

63.    Plaintiff incorporates the above paragraphs by reference.

64.    Verizon has been on actual notice of the '442 Patent at least as early as the date it received service of the Original Complaint in this litigation.

65.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '442 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

66.    Verizon manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

67.    Verizon has directly infringed the claims of the '442 Patent.  As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Verizon directly makes and sells the infringing Accused Instrumentalities at least because it is

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    16

solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

68.     Further on information and belief, Verizon directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Verizon has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Verizon to make and use the Accused Instrumentalities in an infringing manner.  Still further, Verizon is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

69.     As shown above, Verizon is making, using, and offering for sale the Accused Instrumentalities.

70.     Additionally, upon information and belief, Verizon owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

71.     On information and belief, Verizon has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests").  Thus, the infringement of the '442 Patent by Verizon is willful.

72.     In addition or in the alternative, Verizon, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Verizon's customers

and/or contributing to the infringement by Verizon's customers of the '442 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '442 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Verizon injured Plaintiff and is thus liable to Plaintiff for infringement of the '442 Patent under 35 U.S.C. § 271.

73.    Verizon, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  Verizon performed actions that induced infringing acts that Verizon knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

74.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

75.    Verizon has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See*

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

76. As one non-limiting example, Verizon, with knowledge that the Accused Instrumentalities infringe, knowingly and intentionally induced direct infringement of the '442 Patent by providing product manuals that instruct its customers and end users how to use the Accused Instrumentalities. Verizon has induced infringement by the customers and end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they infringe the '442 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

77. The foregoing infringement on the part of Verizon has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '442 Patent.

78. Each of Verizon's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT V
### Infringement of U.S. Patent No. 8,977,722

79. Plaintiff incorporates the above paragraphs by reference.

80. Verizon has been on actual notice of the '722 Patent at least as early as the date it received service of the Original Complaint in this litigation.

81. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '722 patent, thus the

damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

82. Verizon manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

83. Verizon has directly infringed the claims of the '722 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Verizon directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

84. Further on information and belief, Verizon directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces. Further, and on information and belief, Verizon has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities. Such testing and/or legal compliance necessarily requires Verizon to make and use the Accused Instrumentalities in an infringing manner. Still further, Verizon is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

85. As shown above, Verizon is making, using, and offering for sale the Accused Instrumentalities.

86. Additionally, upon information and belief, Verizon owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

87.    On information and belief, Verizon has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '722 Patent by Verizon is willful.

88.    In addition or in the alternative, Verizon, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Verizon's customers and/or contributing to the infringement by Verizon's customers of the '722 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '722 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Verizon injured Plaintiff and is thus liable to Plaintiff for infringement of the '722 Patent under 35 U.S.C. § 271.

89.    Verizon, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  Verizon performed actions that induced infringing acts that Verizon knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,*

550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

90.     Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

91.     Verizon has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

92.     As one non-limiting example, Verizon, with knowledge that the Accused Instrumentalities infringe, knowingly and intentionally induced direct infringement of the '722 Patent by providing product manuals that instruct its customers and end users how to use the Accused Instrumentalities. Verizon has induced infringement by the customers and end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they infringe the '722 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

93.     The foregoing infringement on the part of Verizon has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be

determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '722 Patent.

94.    Each of Verizon's aforesaid activities have been without authority and/or license from Plaintiff.

**COUNT VI**
**Infringement of U.S. Patent No. 9,015,321**

95.    Plaintiff incorporates the above paragraphs by reference.

96.    Verizon has been on actual notice of the '321 Patent at least as early as the date it received service of the Original Complaint in this litigation.

97.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '321 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

98.    Verizon manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

99.    Verizon has directly infringed and continues to directly infringe the claims of the '321 Patent.  As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  Verizon directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

100.   Further on information and belief, Verizon directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Verizon has directly infringed by using the infringing Accused Instrumentalities as part of

its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Verizon to make and use the Accused Instrumentalities in an infringing manner.  Still further, Verizon is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

101.    As shown above, Verizon is making, using, and offering for sale the Accused Instrumentalities.

102.    Additionally, upon information and belief, Verizon owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

103.    On information and belief, the infringement of the '321 Patent by Defendant will now be willful through the filing and service of this Complaint.  The '321 Patent is not expected to expire before April 20, 2027.

104.    In addition or in the alternative, on information and belief, Verizon has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '321 Patent by Verizon is willful.

105.    In addition or in the alternative, Verizon, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Verizon's customers and/or contributing to the infringement by Verizon's customers of the '321 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '321 Patent. This includes without

limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Verizon injured Plaintiff and is thus liable to Plaintiff for infringement of the '321 Patent under 35 U.S.C. § 271.

106.    Verizon, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  Verizon performed actions that induced infringing acts that Verizon knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

107.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

108.    Verizon has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the

distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

109.    As one non-limiting example, Verizon, with knowledge that the Accused Instrumentalities infringe, knowingly and intentionally induced direct infringement of the '321 Patent by providing product manuals that instruct its customers and end users how to use the Accused Instrumentalities. Verizon has induced infringement by the customers and end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they infringe the '321 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

110.    The foregoing infringement on the part of Verizon has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '321 Patent.

111.    Each of Verizon's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT VII
## Infringement of U.S. Patent No. 9,201,961

112.    Plaintiff incorporates the above paragraphs by reference.

113.    Verizon has been on actual notice of the '961 Patent at least as early as the date it received service of the Original Complaint in this litigation.

114.    Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '961 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

115.  Verizon manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

116.  Verizon has directly infringed the claims of the '961 Patent.  As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Verizon directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

117.  Further on information and belief, Verizon directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Verizon has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Verizon to make and use the Accused Instrumentalities in an infringing manner.  Still further, Verizon is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

118.  As shown above, Verizon is making, using, and offering for sale the Accused Instrumentalities.

119.  Additionally, upon information and belief, Verizon owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

120.  On information and belief, Verizon has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D.

Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '961 Patent by Verizon is willful.

121.   In addition or in the alternative, Verizon, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Verizon's customers and/or contributing to the infringement by Verizon's customers of the '961 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '961 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Verizon injured Plaintiff and is thus liable to Plaintiff for infringement of the '961 Patent under 35 U.S.C. § 271.

122.   Verizon, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  Verizon performed actions that induced infringing acts that Verizon knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

123.   Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove

intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

124.   Verizon has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

125.   As one non-limiting example, Verizon, with knowledge that the Accused Instrumentalities infringe, knowingly and intentionally induced direct infringement of the '961 Patent by providing product manuals that instruct its customers and end users how to use the Accused Instrumentalities. Verizon has induced infringement by the customers and end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they infringe the '961 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

126.   The foregoing infringement on the part of Verizon has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '961 Patent.

127.   Each of Verizon's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT VIII
## Infringement of U.S. Patent No. 9,448,697

128.   Plaintiff incorporates the above paragraphs by reference.

129.   Verizon has been on actual notice of the '697 Patent at least as early as the date it received service of the Original Complaint in this litigation.

130.   Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '697 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

131.   Verizon manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

132.   Verizon has directly infringed the claims of the '697 Patent.  As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Verizon directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

133.   Further on information and belief, Verizon directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Verizon has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and legal compliance necessarily requires Verizon to make and use the Accused Instrumentalities in an infringing manner.  Still further, Verizon is a direct infringer by virtue of its branding and

marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

134.    As shown above, Verizon is making, using, and offering for sale the Accused Instrumentalities.

135.    Additionally, upon information and belief, Verizon owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

136.    On information and belief, Verizon has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '697 Patent by Verizon is willful.

137.    In addition or in the alternative, Verizon, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Verizon's customers and/or contributing to the infringement by Verizon's customers of the '697 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '697 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Verizon injured Plaintiff and is thus liable to Plaintiff for infringement of the '697 Patent under 35 U.S.C. § 271.

138.    Verizon, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b).  Verizon performed actions that induced infringing acts that Verizon knew or should have known would induce actual infringements. *See Manville*

*Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

139. Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

140. Verizon has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

141. As one non-limiting example, Verizon, with knowledge that the Accused Instrumentalities infringe, knowingly and intentionally induced direct infringement of the '697 Patent by providing product manuals that instruct its customers and end users how to use the Accused Instrumentalities. Verizon has induced infringement by the customers and end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they

infringe the '697 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

142. The foregoing infringement on the part of Verizon has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '697 Patent.

143. Each of Verizon's aforesaid activities have been without authority and/or license from Plaintiff.

**COUNT IX**
**Infringement of U.S. Patent No. 10,484,455**

144. Plaintiff incorporates the above paragraphs by reference.

145. Verizon has been on actual notice of the '455 Patent at least as early as the date it received service of the Original Complaint in this litigation.

146. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '455 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

147. Verizon manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

148. Verizon has directly infringed the claims of the '455 Patent. As shown above, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities. Verizon directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

149.   Further on information and belief, Verizon directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Verizon has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Verizon to make and use the Accused Instrumentalities in an infringing manner.  Still further, Verizon is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

150.   As shown above, Verizon is making, using, and offering for sale the Accused Instrumentalities.

151.   Additionally, upon information and belief, Verizon owns, directs, and/or controls the infringing systems and method operation of the Accused Instrumentalities.

152.   On information and belief, Verizon has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '605 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests").  Thus, the infringement of the '455 Patent by Verizon is willful.

153.   In addition or in the alternative, Verizon, through its willful blindness which qualifies for requisite knowledge, indirectly infringed by way of inducing direct infringement by Verizon's customers and/or contributing to the infringement by Verizon's customers of the '455 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making,

using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '455 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Verizon injured Plaintiff and is thus liable to Plaintiff for infringement of the '455 Patent under 35 U.S.C. § 271.

154. Verizon, through its willful blindness which qualifies for requisite knowledge, induced infringement under Title 35 U.S.C. § 271(b). Verizon performed actions that induced infringing acts that Verizon knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh*, 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

155. Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

156. Verizon has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify

instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

157.   As one non-limiting example, Verizon, with knowledge that the Accused Instrumentalities infringe, knowingly and intentionally induced direct infringement of the '455 Patent by providing product manuals that instruct its customers and end users how to use the Accused Instrumentalities. Verizon has induced infringement by the customers and end users with the intent to cause infringing acts by them, in the alternative, with the belief that there is a high probability that they infringe the '455 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

158.   The foregoing infringement on the part of Verizon has caused past and ongoing injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '455 Patent.

159.   Each of Verizon's aforesaid activities have been without authority and/or license from Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants as follows:

1.   Declaring that Defendants have infringed the Patents-in-Suit;

2.   Awarding Plaintiff its damages suffered because of Defendants' infringement of the Patents-in-Suit;

3.   Enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendants' willful infringement of the Patents-in-Suit;

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                          36

4.      Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

5.      Granting Plaintiff such further relief as the Court finds appropriate.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.


Respectfully Submitted

*/s/* Christopher A. Honea
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**